UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| LEE FAIR<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY ATENCIO; WARDEN YORDY; and IDOC OFFICIALS TO BE NAMED AFTER DISCOVERY,<br><br>    Defendants. | Case No. 1:18-cv-198-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 12). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented and oral argument is unnecessary. *See* Loc. Civ. R. 7.1(d)(2)(ii).

## INTRODUCTION

Plaintiff Lee Fair, a prisoner in the custody of the Idaho Department of Correction (IDOC) filed this complaint against Defendants Henry Atencio and Keith Yordy alleging that they, and other unidentified correctional officers, failed to protect him from an attack by another inmate while he was incarcerated at the Idaho State Correctional Center (ISCC). Dkt. 3 at 6.

In his Complaint, Mr. Fair alleges that, until 2011, he "was an active gang member of the prison gang 'Severely Violent Criminals'" (SVC). Dkt. 3, at 6. In 2011, Plaintiff decided to change his life and dropped out of SVC. At that time, the gang "placed an attack and/or kill order out to it's [sic] members and other affilliants [sic] known as a 'Green Light' on Plaintiff." *Id*. As a result, Plaintiff was classified as a protective custody inmate. While incarcerated at the Idaho Correctional Institution in Orofino, Idaho (ICI-O), in 2016, Plaintiff was attacked by two members of a different gang, the Aryan Knights (AK). Plaintiff was later released from prison. *Id*.

Plaintiff was rearrested in August 2017 and held in the Ada County Jail, where he was "attacked twice" because of the "Green Light" placed on him by SVC gang leaders. *Id*. "Plaintiff told his parole officer and on-site officer that he had a Green Light by S.V.C. and required" protective custody; Plaintiff told these individuals that the AK and the Sureños XIII (another prison gang) had also issued a Green Light to attack Plaintiff. *Id*. Plaintiff was later transferred to IDOC custody and placed at ISCI.

Plaintiff states that he "gave notice to IDOC classification staff, unit officers, case manager, and psychiatrist care staff" of this Green Light and of Plaintiff's "fear of attacks." *Id*. at 7. Plaintiff states that these individuals "did nothing to help him." *Id*. In February 2018, Plaintiff was attacked in a foyer by another inmate while Plaintiff was "trying to go to dinner," and was seriously injured. *Id*. According to Plaintiff, this other inmate was not housed in the area of the prison where the attack took place and that,

therefore, unidentified correctional officers must have "let [the inmate] in" to the area. *Id*. at 8. The attack "continued for approximately nine minutes, while medical staff were screaming for officers to intervien [sic], but officers allowed this [to] continue." *Id*. at 7.

Plaintiff claims that despite "the Balla injunction," the inmate who attacked Plaintiff had been "housed on the same unit and tier with Plaintiff." *Id*. at 8. Plaintiff also asserts that, before the attack, officers in Plaintiff's housing unit "would walk [the other inmate] passed [sic] Plaintiff's cell, and let [him] stop at [Plaintiff's] door kicking it, yelling 'Fuck You Punk' and 'Bitch Ass Rat,'" and that the officers "would laugh and further encourage him." *Id*.

Plaintiff alleges that the named Defendants, as well as unidentified individuals, violated his constitutional rights by failing to protect him from the February 2018 attack.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant

has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent

with" a defendant's liability, it "stops short of the line between possibility and plausibility

of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court identified two "working principles" that underlie Twombly in

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). First, the court need not accept as true legal

conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the

doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-

79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for

relief. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Id*.

A dismissal without leave to amend is improper unless it is beyond doubt that the

complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728,

737 (9th Cir. 2009) (issued 2 months after Iqbal). The Ninth Circuit has held that "in

dismissals for failure to state a claim, a district court should grant leave to amend even if

no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor,* 880 F.2d

at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim, and he must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

In its Initial Review Order ("IRO") this Court ruled that Plaintiff could proceed on his two broad failure-to-protect claims—one based on correctional officers' failure to intervene in the attack at ISCI, and another based on Defendants' failure to protect

Plaintiff from that attack in the first place. Dkt. 1 at 9-10.

As the Court pointed out in its IRO, Plaintiff's Complaint would state colorable Eighth Amendment failure-to-protect claims against the unidentified correctional officers who—despite knowing that Plaintiff was being severely beaten by the other inmate—failed to intervene and allowed the attack to go on for approximately nine minutes. If the Complaint identified prison officials who actually knew of Plaintiff's being targeted by prison gangs and who had the authority to act to protect Plaintiff from the risk of attack, yet deliberately failed to do so, the Complaint would also state plausible Eighth Amendment failure-to-protect claims against those individuals. However, Plaintiff has not amended his complaint in the time allotted to identify these individuals.

Plaintiff's complaint, without amendment, names as Defendants the director of the IDOC and the warden of ISCI, but the Complaint does not state a plausible claim against these Defendants. Plaintiff's allegations simply do not raise a reasonable inference that either the director or the warden personally participated in the alleged violation of Plaintiff's constitutional rights or that a sufficient causal connection exists to render them liable as supervisors. *See Taylor*, 880 F.2d at 1045; *Starr*, 652 F.3d at 1207. Plaintiff only makes the following allegations specifically against the named Defendants:

- Director Atencio "has created adopted, and/or enforced customs or policies to treat inmates ... with deliberate indifference to substantial risks of harm within IDOC, resulting in the 2-28-18 attack by [the other inmate] after officers brought him into

a unit he was not housed in;" and

- ISCI Warden Yordy "enforced customs or policies to treat inmates ... with deliberate indifference to substantial risks of harm within his prison I.S.C.I., resulting in the 2-28-18 attack by [the other inmate] after officers brought him into a unit he was not housed in."

Dkt. 3 at 9. These are nothing more than bare, conclusory statements of the elements of an Eighth Amendment claim. *See Iqbal*, 556 U.S. at 678. Such allegations do not support a reasonable inference that the named Defendants were actually aware of a risk to Plaintiff or that they deliberately disregarded that risk. *See Farmer*, 511 U.S. at 837. Thus, the Complaint does not state a plausible Eighth Amendment claim against the only named Defendants, and the Court will grant the Defendants' Motion to Dismiss these claims under Rule 12(b)(6) with leave to amend.

**ORDER**

In accordance with the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that:

1. Defendants' Motion to Dismiss (Dkt. 12) is GRANTED.

DATED: April 16, 2019

B. Lynn Winmill
U.S. District Court Judge